# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

PHILLIP PRICE                         )
                                      )
    Defendant Below,                  )
        Appellant                     )
                                      ) No. 1804000925
        v.                            )
                                      )
STATE OF DELAWARE,                    )
                                      )
        Appellee.                     )


Date Submitted: February 8, 2019
Date Decided: May 31, 2019


Upon Consideration of Appellant's
Appeal from the Court of Common Pleas
**AFFIRMED.**

Meryem Y. Dede, Esquire, Assistant Public Defender, Wilmington, Delaware, Attorney for Appellant.

Stephen McCloskey, Esquire, Deputy Attorney General, Wilmington, Delaware, Attorney for Appellee.


**SCOTT, J.**

## OPINION

This is an appeal from the decision of the Court of Common Pleas. A jury convicted Appellant Phillip Price ("Price") in November 2018 of Shoplifting Under $1,500. Price, through counsel, now seeks for the Court to reverse his conviction on the ground that he was not afforded an opportunity to request a "no-inference" jury instruction and suffered harm as a result.[1] For the following reasons, the decision of the Court of Common Pleas is **AFFIRMED**.

## Facts

On March 26, 2018, Mr. Taylan Malloy was working at a Walmart located in New Castle County, Delaware in his capacity as a Loss Prevention Officer.[2] Mr. Malloy testified that on that date, while surveilling the sales floor, he observed a customer with an air mattress in his cart.[3] This drew his attention because the air mattress is considered to be "high-valued merchandise."[4] During his testimony, Mr. Malloy identified Price as the customer that he observed with the air mattress.[5]

Mr. Malloy first observed Price with the air mattress in his cart in the Garden Center at Walmart.[6] According to Mr. Malloy's testimony, Price then left his cart

---

[1] Appellant's Op. Br. at 5 (Jan. 9, 2019) (D.I. 10) [hereinafter "Appellant's Op. Br."].
[2] *State v. Price*, ID 1804000925, at 35:15 (Del. C.P. Nov. 21, 2018) (TRANSCRIPT) [hereinafter, "Trial Tr."].
[3] *Id.* 36:5-36:20.
[4] *Id.*
[5] *Id.* 38:8-38:19.
[6] Trial Tr. 38:4-38:7.

2

with the air mattress in the Garden Center and returned back into the store.[7] At that time, Mr. Malloy requested that another employee monitor the shopping cart while Mr. Malloy checked other surveillance footage to verify whether the air mattress had been pulled off of the shelf or if it had been previously paid for (e.g., layaway).[8] After determining that the item had not previously been paid for, Mr. Malloy returned to watch the live surveillance footage of the store and observed Price at a register paying for certain items.[9] The air mattress was not among the items paid for.[10]

Once Price concluded at the register, Mr. Malloy testified that Price then returned to the Garden Center for his cart with the air mattress still in it, and proceeded to leave the store, heading toward the parking lot.[11] It was at this time that Mr. Malloy approached Price and asked whether he had paid for the air mattress, to which Price admitted he had not.[12] Mr. Malloy testified that he then asked Price to come into the store, but Price refused.[13] Instead, according to Mr. Malloy, "[Price]

---

[7] *Id.* 38:23-39:2, 45:17-46:2.
[8] *Id.* 39:2-39:13, 40:9-40:15.
[9] *Id.* 41:18-41:22.
[10] *Id.* 41:22-41:23, 45:3-45:7.
[11] Trial Tr. 45:3-45:15, 46:3-46:10.
[12] *Id.* 46:15-46:23.
[13] *Id.* 47:2-47:4.

3

was telling me to wait right there, he has something for me" before Price proceeded into his vehicle and left the premises.[14]

Officer Haines of the Middletown Police Department also testified at trial.[15] Officer Haines was working on March 26, 2018 when he was dispatched to the Walmart for a reported shoplifting incident.[16] Officer Haines testified that he was provided with the license plate of the vehicle the person who attempted the shoplifting was seen getting into.[17] With that information, Officer Haines discovered that Price had been cited driving in that vehicle in the past and, after observing the Walmart surveillance footage, identified Price as the attempted shoplifter.[18]

## The Court of Common Pleas Decision

As a result of the shoplifting incident, Price was charged with one count of Shoplifting Under $1,500 and a jury trial was held on November 21, 2018. After the State rested, defense counsel informed the Court that Price would be exercising his Fifth Amendment right not to testify and the following colloquy ensued:

> THE COURT: Mr. Price, your attorney has indicated to me that you do not wish to testify; is that correct?
> MR. PRICE: Yes, Your Honor.
> THE COURT: Okay. That's fine. I just want to make sure you understand that you know that you have a constitutional right not to testify and you're wishing to exercise that right. That's certainly your

[14] *Id.* 47:4-47:9.
[15] Trial Tr. 70:9.
[16] *Id.* 70:16-71:2.
[17] *Id.* 73:4-73:10.
[18] *Id.* 73:11-74:23.

4

prerogative. Nobody can call you as a witness to testify, and the jury will be instructed that your decision to not testify cannot be used against you in any way. All right. Do you have any questions about that?

MR. PRICE: No.[19]

The Court then conferred with counsel who agreed to do closing arguments after a recess for lunch. Once trial resumed, the Court charged the jury and counsel presented closing arguments. Price was subsequently found guilty and was immediately sentenced to ninety (90) days at Level 5 suspended for six months of Level 1 probation and a $100 fine. Price timely filed a notice of appeal with this Court on December 5, 2018.

## Parties' Assertions

Price argues that he was not afforded an opportunity to request a no-inference instruction due to the fact that the jury instructions "were not shared or even discussed with counsel prior to their reading."[20] Price contends that a no-inference instruction speaks to a defendant's state of mind and intent in deciding not to testify. Thus, given that his intent and state of mind was a key issue in both the State and Defense's closing arguments, Price argues that the failure to provide him with an opportunity to request such an instruction before the jury instructions were read constitutes reversible error and seeks for the Court to reverse his conviction.

---

[19] *Id.* 77:12-78:3.
[20] Appellant's Op. Br. at 5, 9.

5

The State concedes that the proposed jury instructions were not provided to or discussed with counsel prior to being read to the jury, but argues that Price had "ample opportunity" to request a no-inference instruction because jury instructions were read before counsel gave closing arguments.[21] Thus, unless plain error exists requiring review in the interests of justice, the State contends that Price has waived this claim on appeal because he did not raise an objection to the jury instructions prior to the conclusion of trial.[22]

## Standard of Review

Price did not make any objections to the instructions given to the jury by the Court of Common Pleas. Generally, an appellate court will decline to review any issue not raised and fairly presented to the trial court for decision.[23] Accordingly, the failure to object at trial constitutes a waiver of a defendant's right to raise the issue on appeal unless the error is plain.[24] Under that standard of appellate review, the error complained of must be so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process.[25] The doctrine of plain error is limited to material defects which are apparent on the face of the record, which are

---

[21] State's Resp. at 5-6 (Jan. 29, 2019) (D.I. 11) [hereinafter "State's Resp."].
[22] *Id.* at 6.
[23] *Stevenson v. State*, 1999 WL 464524, at *2 (Del. Super. Ct. Apr. 27, 1999).
[24] *Chance v. State*, 685 A.2d 351, 354 (Del. 1996).
[25] *Id.* (citing *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986), *cert. denied*, 479 U.S. 869 (1986)).

basic, serious, and fundamental in their character, and which clearly deprive an accused of a substantial right, or which clearly show manifest injustice.[26] "Such a determination must be so clear that the trial judge and prosecutor were derelict in countenancing it, even absent the Defendant's timely assistance in detecting it."[27]

## Discussion

Price first argues that the trial court "departed from its own rules regarding jury instructions" and "failed to follow any of the jury instruction safeguards characteristic of a criminal trial" because he was not given a reasonable opportunity to review the instructions before they were read to the jury.[28] For this reason, Price argues that the Court should review *de novo* the trial court's failure to *sua sponte* give a no-inference instruction as though defense had requested such an instruction and was denied.[29] However, on appeal, this Court will consider only claims that were presented first to the trial court for review.[30] Having made no objections to the

---

[26] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).

[27] *Stevenson*, 1999 WL 464524, at *2 (internal quotation marks omitted) (quoting *United States v. Wright-Barker*, 784 F.2d 161, 171 (3d Cir. 1986)).

[28] Def.'s Reply at 1.

[29] Def.'s Op. Br. at 6, 9 ("[T]he appropriate scope of review is therefore *de novo*."). *See Ayers v. State*, 844 A.2d 304, 309 (Del. 2004) ("The standard of review for a denial of a requested jury instruction is *de novo*."); *Chrysler Corp. v. Chaplake Holdings, Ltd.*, 822 A.2d 1024, 1034 (Del. 2003) ("We review *de novo* the trial court's decision to issue a challenged jury instruction.").

[30] Del. Sup. Ct. R. 8; *see Casey v. State*, 2000 WL 33179628, *2 (Del. Super. Ct. Dec. 27, 2000) ("When reviewing an appeal from the Court of Common Pleas, this Court assumes the same appeal posture as that of the Supreme Court.").

7

jury instructions at trial, Price raises this issue for the first time on appeal. Therefore, those claims are waived and may now be reviewed on appeal only for plain error.[31]

Price alleges that he was harmed by the omission of a no-inference jury instruction because a no-adverse inference instruction speaks to a defendant's state of mind and intent in deciding not to testify and "state of mind was a key issue" in both the State and Defense's closing arguments at trial.[32] As a result, Price argues that the failure to provide him with an opportunity to request such an instruction before the jury instructions were read constitutes reversible error and seeks for the Court to reverse his Court of Common Pleas conviction.

As an initial matter, the Court notes that a no-inference jury instruction is grounded on the Fifth Amendment privilege against self-incrimination.[33] The Fifth Amendment has been understood to require a criminal judge to give a no-inference instruction upon a defendant's request.[34] But, neither the United States Supreme

---

[31] *Harris v. State*, 968 A.2d 32, 35 (Del. 2009); see *State v. McCoy*, 2012 WL 1415698, at *3 (Del. Super. Ct. Feb. 21, 2012) ("Appeals from the Court of Common Pleas are reviewed on the record provided, and shall not be tried *de novo*.") (citing 10 *Del. C.* § 1326); see Super. Ct. Civ. R. 72.

[32] Def.'s Reply at 4.

[33] *Miller v. State*, 750 A.2d 530 (Del. 2000).

[34] *Carter v. Kentucky*, 450 U.S. 288, 300 (1981) ("[T]he failure to limit the jurors' speculation on the meaning of that silence, when the defendant makes a timely request that a prophylactic instruction be given, exacts an impermissible toll on the full and free exercise of the privilege.").

8

Court nor the Delaware Supreme Court has ever held that a trial court must give a no-inference instruction where one is not requested.

"Although the trial judge has the responsibility to instruct the jury; it is the parties' responsibility to bring to the trial judge's attention the instructions they consider appropriate and the reasons why."[35] At no point did Price request a no-inference instruction, nor did he object to the charge immediately after the jury retired.[36] As such, the Court was not required include a no-inference instruction and Price cannot now assign the omission as error.[37]

In reviewing for plain error, this Court will only reverse if the error is "so clearly prejudicial to substantial rights as to jeopardize the fairness and integrity of the trial process."[38] The Court finds that Price has failed to demonstrate as much. A

---

[35] *Beebe Med. Ctr., Inc. v. Bailey*, 913 A.2d 543, 556 (Del. 2006); *see also Hutt v. State*, 49 A.3d 1193 (Del. 2012) ("This Court has declined previously to find plain error for failure to issue instructions *sua sponte*, on the sole basis that defense counsel had the responsibility to request them and did not do so.").

[36] A review of the record reveals that defense had notice of the upcoming charge to the jury and that defense had sufficient opportunity to object to the omission of a specific charge. *See* Trial Tr. 78:7-78:15; *id.* 83:1-91:8 ("Ladies and gentlemen, I'm going to read you some instructions now that the evidence in the case has closed. . . . All right. Is the State ready to proceed with closing argument?"); *id.* 101:16-103:4.

[37] *See Puryear v. State*, 755 A.2d 390 (Del. 2000) (finding that the record clearly indicates the defendant was afforded an opportunity to correct the omission of a no-adverse instruction but declined to do so, therefore the opportunity for a supplemental instruction that would have cured any deficiency in the court's original instruction was deemed waived); *Isaacs v. State*, 1997 WL 127958, at *2 (Del. Super. Ct. Feb. 11, 1997) ("Appellant never objected to any omissions to the charge immediately after the jury retired.") *aff'd, Isaacs v. State*, 702 A.2d 926 (Del. 1997).

[38] *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986).

review of the jury instructions as a whole reveals no legal error. The jury instructions were a correct statement of the law and did not infringe on Price's constitutional rights. The trial judge's instructions enabled the jury to make a well informed decision.

## Conclusion

For the foregoing reasons, Defendant's conviction for Shoplifting Under $1,500 from the Court of Common Pleas is **AFFIRMED**.

**IT IS SO ORDERED.**

_____

**Judge Calvin L. Scott, Jr.**